IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL T. PAULY, as Personal Representative,
of the ESTATE OF SAMUEL PAULY, deceased,
and DANIEL B. PAULY, Individually,

    Plaintiffs,

v.                                                             No. 12-cv-01311 KG/LFG

STATE OF NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
GORDON E. EDEN, JR., in his capacity as
Secretary of the New Mexico Department
of Public Safety, RAY WHITE,
MICHAEL MARISCAL, KEVIN TRUESDALE,
and ROBERT SCHILLING, in his capacity as Chief
of the New Mexico State Police,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Change of Venue for Trial. (Doc. 81). On November 20, 2013, Defendants filed a Response in Opposition to Plaintiffs' Motion. (Doc. 94). On December 3, 2013, Plaintiffs filed a reply. (Doc. 101). For the following reasons, Plaintiffs' Motion for Change of Venue for Trial is denied.

*I. Discussion*

This lawsuit stems from allegations of the use of excessive force and wrongful death of Samuel Pauly by New Mexico State Police (NMSP) officers. The lawsuit is brought by Daniel T. Pauly, Samuel's father, as personal representative of the Estate of Samuel Pauly, and by Daniel B. Pauly, Samuel's brother. The Court scheduled a trial to begin on April 7, 2014, in Las Cruces, New Mexico. (Doc. 71). The parties estimate that a trial will last two weeks. *See* (Doc. 10) at 16.

Plaintiffs now move under 28 U.S.C. § 1404(b) to transfer the venue of the trial to Santa Fe, New Mexico.[1]

Section 1404(b) provides, in part:

> Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404(b). New Mexico constitutes one judicial district and division. 28 U.S.C.§ 111. Thus, Plaintiffs' motion is more properly characterized as a request for an intra-district transfer. *See* 28 U.S.C. § 1404(c). Regardless of the nomenclature employed, courts look to the factors developed under Section 1404(a) concerning venue transfer when determining a motion for intra-district transfer. *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F.Supp.2d 1095, 1098 (D. Colo. 2006). Factors relevant for a Section 1404(a) change of venue include (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Id.* (citation and internal quotations omitted).

A. *Plaintiffs' choice of forum*[2]

Plaintiff Daniel T. Pauly originally filed this matter in the First Judicial District Court, County of Santa Fe, State of New Mexico, located in the city of Santa Fe. (Doc. 1-3). Defendants removed the case to this Court whereupon the case was assigned to the Honorable Stephen M.

---

[1] Santa Fe is located about 280 miles north of Las Cruces.

[2] Plaintiff Daniel B. Pauly was added after removal. *See* (Doc. 46). The Court assumes that he would not have objected to the original filing in Santa Fe, therefore, the Court refers to "Plaintiffs'" choice of forum.

Vidmar, a Las Cruces-based United States Magistrate Judge, as the presiding judge. (Docs. 1 and 3). The case was then reassigned to the Honorable William P. Johnson, an Albuquerque-based United States District Court Judge. (Doc. 5).  Finally, the case was reassigned to me, a Las Cruces-based United States District Court Judge. (Doc. 56). Plaintiffs' choice of forum is entitled to no less deference in the Section 1404(a) analysis because Plaintiffs originally filed the case in state court rather than in federal court. *See Oien v. Thompson*, 824 F. Supp. 2d 898, 905-06 (D. Minn. 2010).  ("Whether the plaintiff initially elected to place the litigation in state or federal court is of little import in the § 1404(a) analysis."). Therefore, Plaintiffs' choice to originally file the case in a New Mexico state court located in Santa Fe weighs in favor of granting Plaintiffs' Motion for Change of Venue for Trial.

   B.  *The convenience of the witnesses*

In the Joint Status Report, Plaintiffs list forty potential witnesses.[3] (Doc. 10) at 5-9. Of those forty witnesses, only two witnesses reside in Santa Fe, including Plaintiff Daniel T. Pauly. *Id.* Five witnesses live in Glorieta, New Mexico, located roughly twenty miles from Santa Fe. *Id.* Two witnesses live in Albuquerque, New Mexico, and one in Las Vegas, New Mexico, both cities located sixty to seventy miles from Santa Fe. *Id.*  For these ten witnesses, it would be more convenient to hold the trial in Santa Fe.

Plaintiffs additionally list twenty NMSP officers as witnesses, four of which are named defendants in this case. *Id.* The NMSP officers are presumably located throughout the state. Defendants state that the NMSP officers, all of whom also are listed as Defendants' witnesses, "are willing to travel for purposes of this trial, and indeed, had been preparing for this trial from December 2012 to August 2013 in the belief that the case would be tried in Albuquerque." (Doc. 94) at 6. Finally, six other witnesses live out-of-state, including Plaintiff Daniel P. Pauly who

---

[3] Plaintiffs do not list addresses for four of the witnesses.

currently resides in California. *Id.*; (Doc. 94-4) at 2. These witnesses can just as easily travel to Las Cruces as they could to Santa Fe. For twenty-six of Plaintiffs' witnesses, therefore, both Las Cruces and Santa Fe are equally convenient locations for trial. Santa Fe, however, is more convenient for ten witnesses. Thus, the convenience to witnesses factor slightly weighs in favor of relocating the trial to Santa Fe.

  C. *The accessibility of witnesses and other sources of proof*

  Although many potential witnesses would have to travel to Las Cruces for a trial, Plaintiffs do not argue that any witness would be unable to attend a trial in Las Cruces. Plaintiffs also claim that they "intend to file a motion for a jury view of the site of the incident in Glorieta" because "[a] site view is essential in this case for the jury to understand and appreciate the significance of the evidence that will be presented in the courtroom." (Doc. 81) at 4. To date, Plaintiffs have not filed a motion for a jury view of the site of the incident. Additionally, there are no indications that a site view is required in this case and that photographs, diagrams and/or videos of the site of the incident would not suffice. Therefore, the accessibility of witnesses and other sources of proof factor is neutral in the analysis.

  D. *The possibility of obtaining a fair trial*

  Plaintiffs do not argue that they would be unable to obtain a fair trial in Las Cruces. Defendants, in contrast, contend that "holding the trial in Santa Fe, where knowledge and press coverage of the incidents underlying Plaintiffs' Complaint would more likely be dispersed, could be prejudicial to Defendants and deny them a fair trial." (Doc. 94) at 10. Plaintiffs correctly argue, however, that media coverage of the incident is unlikely to prejudice jury selection in Santa Fe because of the passage of time between the incident and the trial date, the jury pool for a Santa Fe trial would be drawn from all of northern New Mexico, and *voir dire* procedures would sufficiently protect Defendants' right to a fair trial. Therefore, this factor is neutral in the analysis.

  E. *All other considerations of a practical nature that make a trial easy, expeditious and economical*

   Plaintiffs' Motion for Change of Venue of Trial "specifically seeks only a transfer of trial location, not a reassignment to a new judge." (Doc. 101) at 8. Thus, Plaintiffs are requesting that I conduct a two week long trial in this matter in Santa Fe. Plaintiffs note that I am in the "best position to determine if holding the trial in Santa Fe would be an undue burden on the Court." Unfortunately, the heavy criminal docket in Las Cruces precludes me from holding prolonged civil trials in Santa Fe. Another option would be to transfer this case to a Santa Fe-based district judge. I decline to exercise this option due to my reluctance to burden my fellow district judges and the potential delay in resolving this matter if another district judge was required to reset the dates for the pretrial conferences and a trial. As a practical matter, holding the trial in Las Cruces is less burdensome for the Court than holding the trial in Santa Fe.

*II. Conclusion*

   An analysis of the previous factors shows that Plaintiffs' choice of forum weighs in favor of the trial being held in Santa Fe. Likewise, the convenience of witnesses weighs slightly in favor of changing the venue to Santa Fe. Moreover, the accessibility of witnesses and other sources of proof and the possibility of the parties obtaining a fair trial are simply neutral. However, my inability to hold prolonged civil trials in Santa Fe weighs heavily against relocating the trial. Additionally, my reluctance to transfer this case to a Santa Fe-based district judge leads me to conclude that the trial should be held in Las Cruces.

   IT IS ORDERED that Plaintiffs' Motion for a Change of Venue for Trial (Doc. 81), filed November 13, 2013, is denied.

                 _____
                  UNITED STATES DISTRICT JUDGE