IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL T. PAULY, as Personal Representative
of the ESTATE OF SAMUEL PAULY, deceased,
and DANIEL B. PAULY, Individually,

    Plaintiffs,

vs.                                                                                             Civ. No. 12-1311 KG/WPL

STATE OF NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
RAY WHITE, MICHAEL MARISCAL, and
KEVIN TRUESDALE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the November 13, 2013, Motion for Partial Summary Judgment and Memorandum in Support (Motion for Partial Summary Judgment) filed by Plaintiff Daniel T. Pauly, as Personal Representative of the Estate of Samuel Pauly.  (Doc. 82).  On November 23, 2013, Defendants responded to the Motion for Partial Summary Judgment, and on December 10, 2013, Plaintiff filed a reply.  (Docs. 97 and 103).  Having reviewed the briefs and accompanying briefs, the Court denies the Motion for Partial Summary Judgment for the following reasons.

A.     *The Second Amended Complaint for Damages for Deprivation of Civil Rights, Wrongful Death and Common Law Torts (Second Amended Complaint) (Doc. 46)*

This wrongful death lawsuit arises from an incident in which Defendant State Police Officer Ray White shot and killed Samuel Pauly at the home he shared with his brother, Plaintiff Daniel B. Pauly.  Plaintiff Daniel B. Pauly was at the home at the time of the shooting.

Defendants State Police Officers Michael Mariscal and Kevin Truesdale were also at the brothers' home when the shooting occurred.

Plaintiffs bring claims under 42 U.S.C. § 1983, the New Mexico Tort Claims Act, and the New Mexico State Constitution. The claims relevant to the Motion for Partial Summary Judgment are the Section 1983 claims raised in Count One and the New Mexico State Constitution claim raised in Count Four. Plaintiffs allege in Count One that "Samuel Pauly had a clearly established right under the Fourth Amendment of the Constitution to be free from the excessive use of force by law enforcement officers." (Doc. 46) at ¶ 42. Plaintiffs further allege that the decision by Defendants White, Mariscal, and Truesdale "to storm the Pauly residence and to create a dangerous and hostile situation was unreasonable." *Id*. at ¶ 43. In addition, Plaintiffs maintain that "[w]hen Defendant White shot Sam Pauly, he had no reason to believe that Mr. Pauly posed a threat of serious physical harm to him or anyone else." *Id*. at ¶ 44. Finally, Plaintiffs contend that "[i]f at any time, any type of force was necessary the need for force was created by Defendants White, Mariscal and Truesdale's unreasonable conduct." *Id*. at ¶ 45.

In Count Four, Plaintiffs allege that Defendants violated article II, section 10 of the New Mexico State Constitution which guarantees New Mexico citizens "the right to be free from unreasonable seizures." *Id*. at ¶ 65. Plaintiffs assert that Defendant State of New Mexico Department of Public Safety (NMDPS) "acted unreasonably and without justification when, through its law enforcement officers and employees, it shot Samuel Pauly, while he was standing inside his home and killed him." *Id*. at ¶ 66. Plaintiffs further allege that "NMDPS's violation of Samuel Pauly's right to be free from unreasonable seizures and unjustified shooting was a direct and proximate cause of Samuel Pauly's wrongful death and damages…." *Id*. at ¶ 27.

*B. Discussion*

Plaintiff Daniel T. Pauly moves for partial summary judgment on "Sam Pauly's Fourth Amendment right to be free of unreasonable seizure." (Doc. 82) at 1.  Defendants argue that the Court should deny the Motion for Partial Summary Judgment because (1) Plaintiff Daniel T. Pauly did not confer with Defendants prior to filing the Motion for Partial Summary Judgment as required by D.N.M. LR-Cv 7.1(a); (2) Plaintiffs did not plead a Fourth Amendment unreasonable seizure claim; and (3) summary judgment on the merits of a Fourth Amendment unreasonable seizure claim is unwarranted.  Plaintiff Daniel T. Pauly acknowledges in his reply that he did not comply with Local Rule 7.1(a), but asks the Court to, nonetheless, rule on the merits of the Motion for Partial Summary Judgment.  Plaintiff Daniel T. Pauly also argues that Defendants had fair notice of a Fourth Amendment unreasonable seizure claim and that he is entitled to summary judgment on that claim.

*1. Violation of Local Rule 7.1(a)*

Local Rule 7.1(a) states that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."   This Court has explained that "[t]he local rules of this Court are not precatory guidelines; they are mandatory strictures which, if not followed, subject a litigant's suit to dismissal or entry of summary judgment." *Archuleta v. Board of County Commissioners of San Miguel County, et al.*, Civ. No. 04-655 MV/WDS, (Doc. 23) at 3.  Other courts have, likewise, "noted the propriety of striking motion practice when it fails to comply with local rules." *Scott v. Dona Ana County, et al.*, Civ. No. 09-797 JB/GBW, (Doc. 128) at 3-4 (citations omitted).  Since it is undisputed that Plaintiff Daniel T. Pauly did not comply with Local Rule 7.1(a), the Court could deny the Motion for Partial Summary Judgment for that reason alone.  However, in the

3

interest of justice, the Court will address Defendants' argument that the Court should deny the Motion for Partial Summary Judgment for attempting to bring an unpled claim.

 2. *Whether Plaintiffs Have Brought a Fourth Amendment Claim for Unreasonable Seizure*

 Defendants argue first that the Court should deny the Motion for Partial Summary Judgment because Plaintiffs did not give fair notice that they are bringing a Fourth Amendment unreasonable seizure claim. "Federal Rule Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests,' …." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "It is not necessary for the complaint to contain factual allegations so detailed that all possible defenses would be obviated. Even after *Twombly*, the factual allegations need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570)).

 Plaintiff Daniel T. Pauly contends that Defendants have had notice of the Fourth Amendment unreasonable seizure claim through pretrial discovery and motion practice. In addition, Plaintiff Daniel T. Pauly argues that the factual allegations in the Second Amended Complaint provide notice of a Fourth Amendment unreasonable seizure claim. Plaintiff Daniel T. Pauly specifically refers to ¶¶ 11, 12, 13, and 24 of the Second Amended Complaint wherein Plaintiffs allege that (1) Defendants State Police Officers "were yelling expletives and informed the brothers that the house was surrounded and that they better come out, or they were coming in;" (2) "[t]he police approached the home under the cover of darkness, without speakers, without visible police lights and without clearly announcing that they were State Police;" (3) the

4

"brothers were terrified;" and (4) Defendants State Police Officers "created a hostile, dangerous situation."  In addition, Plaintiff Daniel T. Pauly contends that Count One, the Section 1983 count, put Defendants on notice of a Fourth Amendment unreasonable seizure claim.

Plaintiff Daniel T. Pauly's arguments, unfortunately, have no merit.  First, Plaintiff Daniel T. Pauly cannot provide notice of a claim "through the discovery process" or in briefs.[1]  *See Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1151-52 (10th 2005).  The Tenth Circuit Court of Appeals has held that when a plaintiff omits constitutional claims from an amended complaint, the proper course for bringing the claims is to file a motion to amend.  *Id.*  Second, although the factual allegations in the Second Amended Complaint which Plaintiff Daniel T. Pauly refers to could plausibly support a claim of a Fourth Amendment unreasonable seizure claim, a liberal reading of the Second Amended Complaint does not provide notice of a Fourth Amendment unreasonable seizure claim based on those factual allegations.  *Twombly* requires fair notice of what the claim is in addition to fair notice of the factual allegations supporting the claim.  Third, Count One clearly states a Fourth Amendment excessive force claim, not a Fourth Amendment unreasonable seizure claim.  Liberally reading the Second Amended Complaint as a whole, the Court concludes that it does not provide fair notice of a Fourth Amendment unreasonable seizure claim.  Plaintiffs have, therefore, not pled a Fourth Amendment unreasonable seizure claim pursuant to Rule 8(a)(2).

Defendants also argue that if Plaintiff Daniel T. Pauly is seeking to amend the Second Amended Complaint under Fed. R. Civ. P. 15(a)(2) to add the Fourth Amendment unreasonable

---

[1] Plaintiff Daniel T. Pauly contends, for example, that Defendants were on notice of the Fourth Amendment unreasonable seizure claim when Defendants' expert, Ron Martinelli, discussed a seizure claim.  Dr. Martinelli, however, did not indicate that he was discussing a Fourth Amendment unreasonable seizure claim instead of the New Mexico State Constitution unreasonable seizure claim pled in Count Four of the Second Amended Complaint.  *See* (Doc. 82-5) at 5-6 (pp. 167 and 153 of deposition) and at 9-10 (¶ 3.8 of report).

seizure claim, the Court should decline to do so.[2]  *See Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) ("An issue raised for the first time in a motion for summary judgment may properly be considered a request to amend the complaint, pursuant to Federal Rule Civil Procedure 15."). Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." In situations like this one, the Tenth Circuit has explained that:

> [a]s a general rule, a plaintiff should not be prevented from pursuing a claim merely because the claim did not appear in the initial complaint. However, a court properly denies leave where "a late shift in the thrust of the case will [ ] prejudice the other party in maintaining his defense upon the merits." The liberalized pleading rules do not allow plaintiffs "to wait until the last minute to ascertain and refine the theories on which they intend to build their case." In addition, "untimeliness alone is a sufficient reason to deny leave to amend.... when the party filing the motion has no adequate explanation for the delay."

*Id.* (citations omitted).

In this case, the deadline for amending the complaint expired more than seven months before Plaintiff Daniel T. Pauly filed his Motion for Partial Summary Judgment; Plaintiffs amended the complaint twice; Plaintiff Daniel T. Pauly filed the Motion for Partial Summary Judgment on the dispositive motions deadline; discovery terminated on November 8, 2013, five days prior to the dispositive motions deadline; and a jury trial is set for April 7, 2014. *See* (Doc. 12) at 1, (Doc. 65), and (Doc. 71). The Court notes that Plaintiff Daniel T. Pauly does not explain why he failed to add the Fourth Amendment unreasonable seizure claim when he had the opportunity to timely amend the complaint. Moreover, the Fourth Amendment unreasonable seizure claim is sufficiently unique to the properly pled claims, including the New Mexico State Constitution claim for an unreasonable seizure, that Defendants would suffer substantial

---

[2] Plaintiff Daniel T. Pauly does not explicitly seek to amend the Second Amended Complaint to include a Fourth Amendment unreasonable seizure claim. However, the Court assumes that by filing the Motion for Partial Summary Judgment Plaintiff Daniel T. Pauly implicitly seeks to amend the Second Amended Complaint to add that claim.

6

prejudice if Plaintiff Daniel T. Pauly is allowed to pursue that claim at this late stage of the litigation.  *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) (raising new claim in response to motion for summary judgment is improper when "new claim was 'sufficiently unique' to the plaintiff's properly pled claims to cause substantial prejudice to the defendant if permitted to go forward even though the new claim was based on the same factual scenario as the old claims.") (citation omitted)).  *See also State v. Leatherman*, 2012 WL 4434238 *3-*4 (N.M. App.) (standard for determining New Mexico State Constitution unreasonable seizure claim is much broader than Fourth Amendment's standard for determining an unreasonable seizure claim).  In other words, if the Court allows Plaintiff Daniel T. Pauly to amend the Second Amended Complaint, litigation of this matter would be significantly delayed because the Court would reopen discovery, permit Defendants to file dispositive motions on the new claim, and reset the trial date.  This delay would also adversely impact the parties' financial resources and would necessarily cause the Court to expend additional resources.  *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (waiting to "the last minute to ascertain and refine the theories" wastes "parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances.").  Under these circumstances, a request to amend would be untimely and prejudicial to Defendants "at this late juncture" in the litigation.  *See Ricks v. New Mexico Probation and Parole Dept, et al.*, Civ. No. 11-608 LH/LFG, (Doc. 71) at 21 (construing response to motion for summary judgment as request to amend and denying request as untimely and prejudicial when court previously granted leave to amend complaint and the time for filing additional amendments "had long since passed….").  *See also Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997) (adding claim at

summary judgment stage "is too late in the day...."). Hence, the Court denies any implicit request to amend the Second Amended Complaint to include a Fourth Amendment unreasonable seizure claim.

In sum, Plaintiffs violated Rule 8(a)(2) by failing to give Defendants fair notice of the Fourth Amendment unreasonable seizure claim. Furthermore, Plaintiffs should not be allowed to amend the Second Amended Complaint under Rule 15(a)(2) to raise a Fourth Amendment unreasonable seizure claim. Thus, Plaintiffs have not pled a Fourth Amendment unreasonable seizure claim. Plaintiff Daniel T. Pauly, therefore, cannot move for summary judgment on that claim. *See Elliott Industries Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1121 (10th Cir. 2005) ("Obviously, under Rule 56(a) a party cannot move for summary judgment on a nonexistent, non-pleaded claim."). Consequently, the Court denies the Motion for Partial Summary Judgment.

IT IS ORDERED that the Motion for Partial Summary Judgment and Memorandum in Support (Doc. 82) is denied.

_____
UNITED STATES DISTRICT JUDGE