IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL T. PAULY, as Personal Representative
of the ESTATE OF SAMUEL PAULY, deceased,
and DANIEL B. PAULY, Individually,

    Plaintiffs,

vs.                                                                                                          Civ. No. 12-1311 KG/WPL

STATE OF NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
RAY WHITE, MICHAEL MARISCAL, and
KEVIN TRUESDALE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings, or in the Alternative, First Motion for Summary Judgment on Daniel B. Pauly's Derivative Claim for Loss of Consortium (Defendants' Motion) (Doc. 76), filed on October 29, 2013. On December 23, 2013, Plaintiffs filed a response to Defendants' Motion, and on January 24, 2014, Defendants filed a reply. (Docs. 112 and 126). Having reviewed Defendants' Motion and the accompanying briefs, the Court grants Defendants' Motion in part and defers ruling in part. The Court also grants Plaintiffs leave to file an amended Second Amended Complaint by February 14, 2014.

I.     Background:

    A.  *The Second Amended Complaint for Damages for Deprivation of Civil Rights, Wrongful Death and Common Law Torts (Second Amended Complaint) (Doc. 46)*

This wrongful death lawsuit arises from an incident in which Defendant New Mexico State Police Officer Ray White shot and killed Samuel Pauly at the home he shared with his

brother, Plaintiff Daniel B. Pauly (Daniel Pauly). In addition, Defendants Michael Mariscal and Kevin Truesdale, also New Mexico State Police Officers, were at the brothers' house when the shooting occurred.

On June 28, 2013, Plaintiffs filed a Second Amended Complaint, adding Daniel Pauly as a plaintiff and adding Count Five, titled "Loss of Consortium on Behalf of Daniel B. Pauly." (Doc. 46) at 11. In Count Five, Plaintiffs allege that (1) Daniel Pauly and Samuel were brothers and "were extremely close in all respects;" (2) the brothers "worked together, lived together, had formed a common life together and were mutually dependent upon one another in day to day living;" (3) Daniel Pauly depended on Samuel "for guidance and support in more than a normal sibling relationship;" (4) Daniel Pauly and Samuel "planned to continue working together and to eventually open a restaurant together;" (5) the brothers "depended upon each other for even the small things, like groceries, household items, care for their joint pets and other common everyday tasks;" (6) "it was foreseeable that harm to [Samuel] would inflict harm upon [Daniel Pauly];" and (7) due to Samuel's death, Daniel Pauly "suffered loss of companionship, society, comfort, aid, and protection." (Doc. 46) at 11-12. Plaintiffs do not specify who they are suing in Count Five.

### B. *Defendants' Motion*

Defendants move for judgment on the pleadings, or, in the alterative, for summary judgment on Count Five of Plaintiffs' Second Amended Complaint. Defendants argue that: (1) Plaintiffs do not have a claim for loss of consortium under federal law; (2) Plaintiffs cannot bring a loss of consortium claim under the New Mexico Tort Claims Act (NMTCA) because there is no waiver of immunity under the NMTCA for loss of consortium claims against law enforcement officials; (3) Plaintiffs fail to state a loss of consortium claim under the NMTCA in violation of

Fed. R. Civ. P. 8(a)(2); (4) Plaintiffs do not meet either prong of New Mexico's loss of consortium test; and (5) Plaintiffs' loss of consortium claim is a derivative claim and must fail if the primary claims are dismissed.

Before the Court can address Defendants' arguments for dismissing Count Five on its merits, the Court must first decide whether Plaintiffs have properly stated a loss of consortium claim under Rule 8(a)(2). The Court, therefore, will focus on Defendants' argument that Plaintiffs failed to state a loss of consortium claim under the NMTCA. Since the Court will grant Plaintiffs leave to amend Count Five to cure pleading deficiencies, the Court will defer ruling on the summary judgment portions of Defendants' Motion until, and if, Plaintiffs file an amended Second Amended Complaint.

## II. Standard of Review

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "It is not necessary for the complaint to contain factual allegations so detailed that all possible defenses would be obviated. Even after *Twombly*, the factual allegations need only contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1276 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570).

## III. Discussion

Defendants contend that Plaintiffs violated Rule 8(a)(2) by failing to (1) provide the applicable area of law under which Plaintiffs bring their loss of consortium claim, and (2) "allege

3

sufficient facts supporting [Daniel Pauly's] foreseeability as a plaintiff or regarding the foreseeability of the loss of consortium injury he now claims to have suffered." (Doc. 76) at 16.

    A. *Whether Plaintiffs failed to provide the applicable law in Count Five*

Defendants correctly note that Plaintiffs do not specify in the Second Amended Complaint the applicable federal or state law under which Plaintiffs bring Count Five. Additionally, Defendants argue that, if Plaintiffs intend to bring Count Five pursuant to state law, Plaintiffs fail to specify a waiver of immunity for Officers White, Truesdale, and Mariscal under the NMTCA. In Plaintiffs' response to Defendants' Motion, Plaintiffs indicate for the first time that they intend to bring Count Five under state law and pursuant to a waiver of immunity for Officers White, Truesdale, and Mariscal under Section 41-4-12 of the NMTCA.

Section 41-4-12 allows waiver of immunity for law enforcement officers for various enumerated torts and "deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." Although loss of consortium is not an enumerated tort under Section 41-4-12, Plaintiffs argue that the New Mexico Supreme Court has permitted loss of consortium claims under Section 41-4-12 for a deprivation of "any rights, privileges or immunities secured by the constitution and law of the United States or New Mexico."

Under New Mexico state law, a tort claim brought against a state governmental agency or employee is barred unless a waiver of immunity exists under the NMTCA. A plaintiff may not sue a New Mexico governmental agency or its employees unless the plaintiff's cause of action fits within one of the exceptions granted for governmental agencies and public employees under the NMTCA. *See Begay v. State*, 104 N.M. 483, 486, 723 P.2d 252, 255 (Ct. App. 1985)

("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act."), *rev'd on other grounds by Smialek v. Begay*, 104 N.M. 375, 721 P.2d 1306 (1986). To overcome a law enforcement officer's immunity under Section 41-4-12, "[a] plaintiff must <u>specifically</u> <u>allege</u> one of the enumerated torts listed in the statute." *Oldfield v. Davis*, *et al.*, No. 10-CV-558 WDS/ACT (D.N.M.), (Doc. 50) at *13 (citing *Lessen v. City of Albuquerque*, 2008-NMCA-85, 144 N.M. 314); *see also Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 121 N.M. 646, 649, 916 P.2d 1313, 1316 (1996) ("[I]n order to state a tort claim under the waiver of immunity set out in Section 41-4-12, a plaintiff must demonstrate that the defendants were law enforcement officers acting within the scope of their duties, and that the plaintiff's injuries arose out of either a tort enumerated in this section or a deprivation of a right secured by law.").

Defendants contend that Plaintiffs fail to "allege the existence of any waiver of immunity" in Count Five, and, as such, Plaintiffs "fail[] to state an essential element of a claim against law enforcement officers under the NMTCA, and [their loss of consortium claim] should be dismissed on that basis alone." (Doc. 76) at 15. Plaintiffs respond with two arguments. First, Plaintiffs argue that Defendants were aware that Plaintiffs were adding a state loss of consortium claim and, therefore, were on notice of the claim. Second, Plaintiffs contend that Defendants are arguing for "some heightened pleading standard" in attempting to dismiss Plaintiffs' loss of consortium claim in Count Five for failure to state a claim. *Id.* at 11.

1. *Whether Defendants were on notice of Plaintiffs' state loss of consortium claim*

Plaintiffs contend that

without question, the facts and claims asserted are sufficiently alleged to give Defendants notice that [Plaintiffs are] asserting a loss of consortium claim. In addition, Plaintiff[s] filed a Motion to Amend Complaint and discussed the

5

>motion with opposing counsel. The only issue in the Motion to Amend and the only addition in the complaint was adding a loss of consortium claim. As such, there was no surprise and the notice provisions contemplated by the Federal Rules, including Rule 8, have been complied with.

(Doc. 112) at 10.[1] Plaintiffs also argue that "the failure to specifically include the section of the [NMTCA] waiver, if somehow preferred, is hardly sufficient to dismiss the complaint." (Doc. 112) at 11.

Plaintiffs' arguments that Defendants had fair notice of their state loss of consortium claim are unpersuasive for two reasons. First, Plaintiffs failed to plead in Count Five of the Second Amended Complaint that they were bringing the loss of consortium claim under state law. More importantly, if Plaintiffs intend to bring the loss of consortium claim under the NMTCA against law enforcement officers, Plaintiffs were required to specifically plead a waiver of immunity under Section 41-4-12, including that the loss of consortium claim was brought under the rights, privileges or immunities clause of that Section. Plaintiffs' failure to include the legal basis for the loss of consortium claim under the NMTCA does not give Defendants fair notice of Plaintiffs' state loss of consortium claim and what grounds it rests upon. Additionally, the Court will not fill in the applicable law for Plaintiffs. *See Gonzalez v. Adams*, 2011 WL 2144107, *3 (E.D. Cal.) ("[I]t is not the Court's responsibility to fill in the blanks or guess. [Plaintiffs are] required to allege sufficient facts to support a plausible claim for relief.").

Second, although counsel for each side discussed Plaintiffs' intent to file a state loss of consortium claim, a conversation about a potential claim is not the same as fair notice under Rule 8(a)(2), which governs what a party must actually plead by requiring a "short and plain statement of the claim *s*howing that the pleader is entitled to relief." Moreover, although Plaintiffs supply

---

[1] Mark D. Jarmie, Defendants' counsel, acknowledges that he discussed with Plaintiffs' counsel the possibility that Plaintiffs would add a loss of consortium claim prior to Plaintiffs filing the Second Amended Complaint. *See* (Doc. 126) at 11.

6

the applicable legal basis for their state loss of consortium claim in their response to Defendants' Motion, Plaintiffs cannot provide notice of a claim "through the discovery process" or in briefs. *See Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1151-52 (10th Cir. 2005).

    2. *Whether Defendants claim a heighted pleading standard*

Plaintiffs also argue that Defendants "claim some heightened pleading standard claiming that Plaintiff[s] failed to allege with specificity how the Tort Claims Act waiver applied." (Doc. 112) at 11. Plaintiffs cite to a New Mexico Court of Appeals case, *Fitzjerrell v. City of Gallup*, to argue that they sufficiently pled their loss of consortium claim. 2003-NMCA-125, 134 N.M. 492. In *Fitzjerrell*, the court stated that "[p]laintiffs do not have to set forth every relevant fact in the complaint. ... Here, the essential elements of a claim for loss of consortium can fairly be inferred from the allegations in the complaint to a sufficient extent." *Id.* ¶ 17.

The current case is distinguishable from *Fitzjerrell* in two ways. First, in *Fitzjerrell* the defendant had filed a motion to dismiss the plaintiffs' loss of consortium claims on grounds that the plaintiffs were not within the class of relatives for whom loss of consortium damages were available. *Id.* ¶ 5. In contrast, Defendants in this case are arguing that Plaintiffs failed to adequately plead the legal basis for their loss of consortium claim. This is especially important in a case against law enforcement officials, like this one, in which a plaintiff must allege a waiver of immunity under Section 41-4-12 of the NMTCA and allege one of the enumerated torts listed in Section 41-4-12 to overcome an officer's immunity. Second, the court in *Fitzjerrell* did not apply the federal rules and pleading standards which govern this case. *See* Fed R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts."); *see also Madrid v. Village of Chama*, 2012-NMCA-071, ¶¶ 16-18, 283 P.3d 871 (discussing *Twombly* and *Iqbal*, and distinguishing higher "plausibility" standard required in

federal court from New Mexico's notice-pleading standard). *Fitzjerrell*, therefore, does not alleviate Plaintiffs of their burden to adequately plead their state loss of consortium claim in Count Five. The Court concludes that Count Five does not provide fair notice of a loss of consortium claim under the NMTCA. Plaintiffs have, therefore, not pled a state loss of consortium claim in Count Five pursuant to Rule 8(a)(2). Thus, the Court dismisses Count Five of Plaintiffs' Second Amended Complaint without prejudice.

    B.  *Whether Plaintiffs adequately pled foreseeability*

Defendants argue that Plaintiffs have not "alleged sufficient facts suggesting the foreseeability of such loss of consortium injury to these Defendants." (Doc. 76) at 15. Defendants' argument lacks merit. To state a loss of consortium claim in New Mexico, the plaintiff must show that "[t]he tortfeasor owes a duty of care to the claimant where it is foreseeable that the harm inflicted upon the injured party would damage the relationship between the injured party and the claimant." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2011-NMSC-039, ¶ 5, 150 N.M. 650. The New Mexico Supreme Court has held that recovery for loss of consortium may extend to sibling relationships where "the facts demonstrate that two siblings shared a mutually dependent relationship." *Id.* ¶ 12. The facts pled by Plaintiffs in Count Five demonstrate that Samuel Pauly and Daniel Pauly shared a mutually dependent relationship, and, as such, it is foreseeable that killing one of the brothers would damage the brothers' relationship. *See Lozoya v. Sanchez*, 2003-NMSC-009, ¶ 26, 133 N.M. 579 *abrogated on different grounds by Heath v. La Mariana Apartments*, 2008-NMSC-017, 143 N.M. 657 ("[G]iven the widespread reality and acceptance of unmarried cohabitation, a reasonable person would not find the plaintiff's emotional trauma to be 'remote and unexpected.'"). Plaintiffs, therefore, sufficiently

pled facts in Count Five to give Defendants fair notice of the foreseeability element of the loss of consortium claim.

### C. Whether the Court should grant leave to Plaintiffs to amend the Second Amended Complaint

Although neither party discusses the possibility of allowing Plaintiffs to amend Count Five under Fed. R. Civ. P. 15(a)(2) to correct the shortcomings discussed above, the Court feels the need to address this potential issue. *See Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) ("An issue raised for the first time in a motion for summary judgment may properly be considered a request to amend the complaint, pursuant to Federal Rule Civil Procedure 15."); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (district court may "grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court"). Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." In situations like this one, the Tenth Circuit Court of Appeals has explained that:

> [a]s a general rule, a plaintiff should not be prevented from pursuing a claim merely because the claim did not appear in the initial complaint. However, a court properly denies leave where "a late shift in the thrust of the case will [ ] prejudice the other party in maintaining his defense upon the merits." The liberalized pleading rules do not allow plaintiffs "to wait until the last minute to ascertain and refine the theories on which they intend to build their case." In addition, "untimeliness alone is a sufficient reason to deny leave to amend.... when the party filing the motion has no adequate explanation for the delay."

*Id.* (citations omitted). The decision to grant leave to amend the pleadings "is within the discretion of the trial court." *Id.*

If the Court grants leave to Plaintiffs to amend Count Five for the sole purpose of adding the appropriate legal basis for the loss of consortium claim, Defendants will not be prejudiced in

9

maintaining their defense upon the merits of Plaintiffs' loss of consortium claim. Defendants dedicate roughly fifteen pages in Defendants' Motion and roughly ten pages in their reply arguing the merits of Plaintiffs' loss of consortium claim as though it were brought under New Mexico state law. Additionally, the parties have completed discovery related to Plaintiffs' loss of consortium claim, and evidence relevant to determining whether Plaintiffs can maintain a claim for loss of consortium was attached to Defendants' Motion and Plaintiffs' response to Defendants' Motion. Therefore, Defendants and the Court will not need to expend additional resources if the Court grants Plaintiffs leave to amend Count Five. Moreover, Plaintiffs' loss of consortium claim under New Mexico state law is not sufficiently unique to what has been pled in the Second Amended Complaint that Defendants would suffer substantial prejudice if Plaintiffs are allowed to pursue that claim at this late stage of the litigation. *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005) (raising new claim in response to motion for summary judgment is improper when "new claim was 'sufficiently unique' to the plaintiff's properly pled claims to cause substantial prejudice to the defendant if permitted to go forward even though the new claim was based on the same factual scenario as the old claims.") (citation omitted)). Because justice so requires, the Court will grant leave to allow Plaintiffs to amend Count Five of the Second Amended Complaint to meet the concerns presented in this Memorandum Opinion and Order.[2]

In sum, although Plaintiffs sufficiently pled foreseeability, Plaintiffs violated Rule 8(a)(2) by failing to give Defendants fair notice of the legal basis under which Plaintiffs bring their loss of consortium claim. Hence, Count Five of Plaintiffs' Second Amended Complaint is dismissed

---

[2] The Court notes that it previously denied any implicit request by Plaintiffs to amend the Second Amended Complaint to include a Fourth Amendment unreasonable seizure claim. *See* (Doc. 123). Plaintiffs will not be allowed to amend any portion of the Second Amended Complaint except for what is described in this Memorandum Opinion and Order.

without prejudice. Finally, Plaintiffs are granted leave until February 14, 2014, to amend Count Five to specify that the loss of consortium claim is being brought under New Mexico state law and pursuant to a waiver of immunity under Section 41-4-12 of the NMTCA for an enumerated tort. Additionally, Plaintiffs must specify who is being sued in Count Five. Consequently, the Court grants Defendants' Motion in part. The Court will defer ruling on the summary judgment portion of Defendants' Motion until, and if, Plaintiffs file an amended Second Amended Complaint.

IT IS ORDERED that

1. Defendants' Motion for Judgment on the Pleadings, or in the Alternative, First Motion for Summary Judgment on Daniel B. Pauly's Derivative Claim for Loss of Consortium (Doc. 76) is granted in part;

2. Count Five of Plaintiffs' Second Amended Complaint (Doc. 46) is dismissed without prejudice;

3. Plaintiffs are granted leave until February 14, 2014, to file an amended Second Amended Complaint for the purposes of specifying the legal basis under which Plaintiffs bring Count Five and identifying who Plaintiffs are suing in Count Five; and

4. the Court defers ruling on the summary judgment portion of Defendants' Motion for Judgment on the Pleadings, or in the Alternative, First Motion for Summary Judgment on Daniel B. Pauly's Derivative Claim for Loss of Consortium (Doc. 76) until, and if, Plaintiffs file an amended Second Amended Complaint pursuant to this Memorandum Order and Opinion.

_____
UNITED STATES DISTRICT JUDGE