IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL T. PAULY, as Personal Representative
of the ESTATE OF SAMUEL PAULY, deceased,
and DANIEL B. PAULY, Individually,

    Plaintiffs,

vs.                                                Civ. No. 12-1311 KG/WPL

STATE OF NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
RAY WHITE, MICHAEL MARISCAL, and
KEVIN TRUESDALE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Stay Proceedings Pending Resolution of Qualified Immunity Appeal, filed February 27, 2014, and Plaintiffs' Motion for District Court Certification of Defendants' Interlocutory Appeals as Frivolous, filed March 5, 2014. (Docs. 147, 150). On March 5, 2014, Plaintiffs responded to Defendants' Motion to Stay Proceedings by referring to Plaintiffs' Motion for District Court Certification. (Doc. 151). On March 11, 2014, Defendants responded to Plaintiffs' Motion for District Court Certification. (Doc. 155). The same day, Defendants filed a reply to their Motion to Stay Proceedings, incorporating by reference Defendants' response to Plaintiffs' Motion for District Court Certification. (Doc. 156). On March 13, 2014, the Court held a hearing on both motions. Present at the hearing were Lee R. Hunt, counsel for Plaintiffs, and Mark D. Jarmie and Mark D. Standridge, counsel for Defendants.  Having considered Defendants' Motion to Stay Proceedings, Plaintiffs' Motion for District Court Certification, the corresponding responses and reply, and the argument of counsel at the March 13, 2014, hearing, the Court grants Defendants'

Motion to Stay Proceedings and denies Plaintiffs' Motion for District Court Certification for the following reasons.

*I. Background*

    *A. Defendants' Motion to Stay Proceedings*

On February 27, 2014, Defendants White, Mariscal, and Truesdale filed a Notice of Appeal. (Doc. 146). Defendants White, Mariscal, and Truesdale are appealing the Court's denial of their motions for summary judgment which seek qualified immunity on Plaintiffs' 42 U.S.C. § 1983 excessive force claims. Specifically, Defendants White, Mariscal, and Truesdale are appealing

> whether the facts as advocated by [Plaintiffs] and as set forth by the District Court illustrate a violation of clearly established law regarding the Fourth Amendment to the United States Constitution. Defendants do not seek an appeal on the sufficiency of the evidence presented in this case, nor will Defendants argue that the District Court should have found that certain facts are or are not undisputed or material.

(Doc. 155) at 5. Defendants move for the Court to stay all proceedings in this case pending final resolution of Defendants White, Mariscal, and Truesdale's interlocutory appeal.

    *B. Plaintiffs' Motion for District Court Certification*

Plaintiffs request that the Court certify Defendants White, Mariscal, and Truesdale's interlocutory appeal as frivolous because the interlocutory appeal improperly appeals issues of fact. In general, when an interlocutory appeal is pending, the Court retains jurisdiction only over those aspects of the case not involved in the appeal. *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). A district court, however, has authority to retain full jurisdiction over a case if it certifies, after a hearing, that the appeal is "frivolous" or "forfeited." *Id.* at 576-77. Plaintiffs request that the Court retain jurisdiction over the entire case and keep the April 7, 2014, trial date.

Should the Court deny Plaintiffs' Motion for District Court Certification, Defendants request that the Court award them the reasonable attorney's fees they expended in responding to Plaintiffs' motion under 28 U.S.C. § 1927. Section 1927 provides that that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay the attorneys' fees reasonably incurred by the opposing party because of such conduct.

*II. Discussion*

In certain circumstances, a denial of qualified immunity is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Interlocutory appeals of district court orders denying qualified immunity are limited to those appeals based on issues of law (*i.e.*, whether or not certain given facts show a violation of clearly established law), rather than on factual disputes such as the sufficiency of evidence. *Johnson v. Jones*, 515 U.S. 304 (1995); *see also Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999) (citations omitted) ("In particular, if a defendant's appeal of the denial of a motion for summary judgment is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable."). Defendants White, Mariscal, and Truesdale have properly filed an interlocutory appeal based on issues of law, *i.e.*, whether the facts set forth by the Court when denying their motions for summary judgment illustrate a violation of clearly established law. Therefore, the Court finds that Defendants White, Mariscal, and Truesdale's interlocutory appeal is not frivolous and denies Plaintiffs' Motion for District Court Certification. The Court further grants Defendants' Motion to Stay Proceedings and stays all proceedings until final resolution of Defendants White, Mariscal, and Truesdale's interlocutory appeal. Finally, the Court denies without prejudice Defendants' request for attorney's fees and allows for supplemental briefing on the issue.

IT IS ORDERED that

1. Plaintiffs' Motion for District Court Certification of Defendants' Interlocutory Appeals as Frivolous (Doc. 150) is denied;

2. Defendants' Motion to Stay Proceedings Pending Resolution of Qualified Immunity Appeal (Doc. 147) is granted;

3. all proceedings in this case are stayed pending final resolution of Defendants White, Mariscal, and Truesdale's qualified immunity interlocutory appeal;

4. Defendants' request for attorney's fees is denied without prejudice; and

5. on or before March 31, 2014, Defendants may file a supplemental brief regarding their request for attorney's fees, and on or before April 14, 2014, Plaintiffs may file a response.

_____
UNITED STATES DISTRICT JUDGE